JS-6

John W. Holcomb (Bar No. 172121)
jholcomb@kmob.com
Linda H. Liu (Bar No. 210678)
lliu@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: 951-781-9231
Facsimile: 949-760-9502

Attorneys for Plaintiff and Counterdefendant
SUPERIOR TOWING, INC.

Stephen A. Spataro (Bar No. 82930)
steve@spataro.com
SPATARO & ASSOCIATES
100 Wilshire Blvd., Suite 200
Santa Monica, CA 90401-1111
Telephone: 310-917-4557
Facsimile: 310-917-4520

Attorneys for Defendant MARK DINGLEY;
Defendant KAREN A. ALTER; Defendant
and Counterclaimant SILVER STRIKE
ENTERPRISES LLC; and Defendant
SUPERIOR TOW AND TRANSPORT
SERVICE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SUPERIOR TOWING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARK DINGLEY, an individual; KAREN A. ALTER, an individual; SILVER STRIKE ENTERPRISES LLC, a Nevada limited liability company; and SUPERIOR TOW AND TRANSPORT SERVICE, LLC, a Nevada limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Civil Action No. EDCV 07-00845 VAP (JCRx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. Virginia A. Phillips |

Plaintiff and Counterdefendant SUPERIOR TOWING, INC. ("PLAINTIFF"), on the one hand, and Defendant MARK DINGLEY ("MR. DINGLEY"), Defendant KAREN A. ALTER ("MS. ALTER"), Defendant and Counterclaimant SILVER STRIKE ENTERPRISES LLC ("SILVER STRIKE"), and Defendant SUPERIOR TOW AND TRANSPORT SERVICE, LLC ("STTS") (collectively, "DEFENDANTS"), on the other hand, wish to avoid the cost and uncertainty of further litigation and have therefore entered into a written settlement agreement as a basis for resolving this action, including the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. This Court possesses subject matter jurisdiction over the above-captioned action.

2. This Court possesses personal jurisdiction over DEFENDANTS.

3. Venue is proper in this Judicial District.

4. PLAINTIFF is a corporation duly organized and existing under the laws of the State of California and having its principal place of business in Bloomington, California.

5. MR. DINGLEY is an individual residing in Reno, Nevada.

6. MS. ALTER is an individual residing in Reno, Nevada.

7. SILVER STRIKE is a limited liability company duly organized and existing under the laws of the State of Nevada and having its principal place of business in Reno, Nevada.  MR. DINGLEY and MS. ALTER are members of SILVER STRIKE.

8. STTS is a limited liability company duly organized and existing under the laws of the State of Nevada and having its principal place of business in Reno, Nevada.  MR. DINGLEY is a member of STTS.

9. PLAINTIFF contends that it possesses valid and enforceable rights in the trademark "SUPERIOR TOWING" (the "SUPERIOR TOWING Mark")

1    for, among other things, towing and recovery services for trucks, cars, and other
2    vehicles.  PLAINTIFF also contends that it possesses a valid and enforceable
3    federal trademark registration for the SUPERIOR TOWING Mark (stylized)
4    (Registration No. 2,817,267).

5         10.   On or about July 11, 2007, PLAINTIFF commenced the above-
6    captioned action against DEFENDANTS, in which PLAINTIFF is asserting
7    claims for relief for Federal Trademark Infringement, False Designation of
8    Origin, California Common Law Trademark Infringement, and California
9    Unfair Competition.  On or about September 5, 2007, PLAINTIFF filed an
10    Amended Complaint in which it is asserting the same four claims for relief
11    against DEFENDANTS.

12         11.   On or about September 27, 2007, SILVER STRIKE filed a
13    Counterclaim against PLAINTIFF, in which SILVER STRIKE is asserting a
14    claim for relief for Declaratory Relief pertaining to the SUPERIOR TOWING
15    Mark.

16         12.   PLAINTIFF's claims for relief against MR. DINGLEY are hereby
17    dismissed, without prejudice.

18         13.   PLAINTIFF's claims for relief against MS. ALTER are hereby
19    dismissed, without prejudice.

20         14.   Judgment is hereby entered in favor of PLAINTIFF and against
21    SILVER STRIKE on all four claims for relief set forth in the Amended
22    Complaint.

23         15.   Judgment is hereby entered in favor of PLAINTIFF and against
24    STTS on all four claims for relief set forth in the Amended Complaint.

25         16.   SILVER STRIKE's claim for relief against PLAINTIFF is hereby
26    dismissed, with prejudice.

27         17.   PLAINTIFF contends that SILVER STRIKE has infringed
28    PLAINTIFF's rights in the SUPERIOR TOWING Mark by using in commerce,

without the consent of PLAINTIFF, the SUPERIOR TOWING Mark or a confusing similar designation, which has caused customer and consumer confusion as to the source of origin or relationship of PLAINTIFF's and SILVER STRIKE's services.

18.     PLAINTIFF contends that STTS has infringed PLAINTIFF's rights in the SUPERIOR TOWING Mark by using in commerce, without the consent of PLAINTIFF, the SUPERIOR TOWING Mark or a confusing similar designation, which has caused customer and consumer confusion as to the source of origin or relationship of PLAINTIFF's and STTS's services.

19.     Within one hundred twenty (120) days after the entry of this Consent Judgment and Permanent Injunction, or within thirty (30) days after SILVER STRIKE receives notice from the Nevada Department of Transportation that its application to change its name has been approved, whichever occurs first, SILVER STRIKE, its successors in interest, members, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Consent Judgment and Permanent Injunction, by personal service or otherwise, are hereby enjoined and permanently restrained from the following acts:

    (a)     using, to market, advertise, or identify SILVER STRIKE's services, either the SUPERIOR TOWING Mark or any other mark that is confusingly similar to the SUPERIOR TOWING Mark or is likely to create the erroneous impression that SILVER STRIKE's services originate from PLAINTIFF, are endorsed by PLAINTIFF, or are connected with PLAINTIFF;

    (b)     falsely designating the origin of SILVER STRIKE's services; and

    (c)     causing a likelihood of confusion with PLAINTIFF's business.

20. Within one hundred twenty (120) days after the entry of this Consent Judgment and Permanent Injunction, or within thirty (30) days after STTS receives notice from the Nevada Department of Transportation that its application to change its name has been approved, whichever occurs first, STTS, its successors in interest, members, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Consent Judgment and Permanent Injunction, by personal service or otherwise, are hereby enjoined and permanently restrained from the following acts:

(a) using, to market, advertise, or identify STTS's services, either the SUPERIOR TOWING Mark or any other mark that is confusingly similar to the SUPERIOR TOWING Mark or is likely to create the erroneous impression that STTS's services originate from PLAINTIFF, are endorsed by PLAINTIFF, or are connected with PLAINTIFF;

(b) falsely designating the origin of STTS's services; and

(c) causing a likelihood of confusion with PLAINTIFF's business.

21. Within one hundred fifty (150) days after the entry of this Consent Judgment and Permanent Injunction, SILVER STRIKE shall file with this Court and serve on PLAINTIFF a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

22. Within one hundred fifty (150) days after the entry of this Consent Judgment and Permanent Injunction, STTS shall file with this Court and serve on PLAINTIFF a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

23. This Court shall retain jurisdiction over this Consent Judgment and Permanent Injunction for the purpose of ensuring compliance with the terms

hereof and of enabling PLAINTIFF or DEFENDANTS or any of them to apply to this Court at any time for further orders.

24. In any action to enforce the provisions of this Consent Judgment and Permanent Injunction, the prevailing party shall be entitled, in addition to any other orders of the Court, to recover its reasonable costs and attorneys' fees.

25. The failure of any party to enforce a clause of this Consent Judgment and Permanent Injunction from time to time shall not constitute a waiver of any other provision of this Consent Judgment and Permanent Injunction or any subsequent violation of the same provision of this Consent Judgment and Permanent Injunction, unless such waiver is in writing and signed by the other party.

26. Any such written waiver, as provided for in Paragraph 25, above, relating to one provision of this Consent Judgment and Permanent Injunction shall not constitute a waiver of any other provision.

**IT IS SO ORDERED:**

Dated: March 05, 2008

_____
UNITED STATES DISTRICT JUDGE

1 | Presented by:
2 | KNOBBE, MARTENS, OLSON & BEAR, LLP
3 |
4 | By: _____
   |     John W. Holcomb
5 | Attorneys for Plaintiff and Counterdefendant
   | SUPERIOR TOWING, INC.
6 |
7 | SPATARO & ASSOCIATES
8 |
9 | By: _____
   |     Stephen A. Spataro
10 | Attorneys for Defendant MARK DINGLEY;
   | Defendant KAREN A. ALTER; Defendant
11 | and Counterclaimant SILVER STRIKE
   | ENTERPRISES LLC; and Defendant
12 | SUPERIOR TOW AND TRANSPORT
   | SERVICE, LLC
13 |
14 | **AGREED AS TO FORM AND CONTENT:**
15 | SUPERIOR TOWING, INC.          MARK DINGLEY
16 |
17 | By: _____
   | Printed Name: _____
18 | Its: _____   KAREN A. ALTER
19 |
20 |                                   _____
21 |                                   SILVER STRIKE ENTERPRISES, LLC
22 |
23 |                                   By: _____
   |                                   Printed Name: _____
24 |                                   Its: _____
25 |                                   SUPERIOR TOW AND
   |                                   TRANSPORT SERVICE, LLC
26 |
27 |                                   By: _____
   |                                   Printed Name: _____
28 |                                   Its: _____